United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 7, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41370
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS MCBARRON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-01-CR-22-2
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Thomas McBarron appeals his jury convictions of conspiracy to produce and possessing child pornography and his resulting 188-month prison sentence. McBarron contends that the conspiracy statute, 18 U.S.C. § 2251(a), is an unconstitutional exercise of Congress's Commerce Clause powers because it permits a conviction when the only connection with interstate commerce is the fact that the materials used to produce the offending images traveled in interstate commerce at some point in time. This contention has no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

merit.  See United States v. Kallestad, 236 F.3d 225, 231 (5th Cir. 2000).

McBarron contends that the district court misapplied the Sentencing Guidelines by concluding that it could not depart downward from the applicable guideline range on the basis of lighter sentences received by codefendants who pleaded guilty to reduced charges.  There was no error in the court's ruling.  See United States v. Meza, 127 F.3d 545, 549-50 (7th Cir. 1996).

Finally, McBarron argues that the district court clearly erred by increasing his guideline offense level by four levels pursuant to U.S.S.G. § 3B1.1(a), because of his role as a leader or organizer.  See United States v. Miranda, 248 F.3d 434, 446 (5th Cir. 2001).  McBarron is not entitled to relief because there is ample evidence in the record which supports the district court's ruling.

AFFIRMED.